**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **K.B.**


**No. 24-627** (Berkeley County CC-02-2024-JA-29)


**MEMORANDUM DECISION**


Petitioner Mother A.S.[1] appeals the Circuit Court of Berkeley County's September 27, 2024, order, arguing that the circuit court erred in finding that she neglected K.B.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHS filed a petition in February 2024 alleging that K.B., then sixteen years old, disclosed that her father had touched her sexually on two occasions. The DHS also alleged that the petitioner failed to meet K.B.'s basic needs and did not adequately engage with her as a parent. In addition, the DHS alleged that the petitioner, who did not live with the child, abandoned K.B. and had "demonstrated the settled purpose to forego the duties and parental responsibilities to the [child]." The circuit court held the preliminary hearing in March 2024, during which a DHS investigator testified to the contents of her investigation report filed with the court, which outlined a phone conversation with the petitioner, wherein the petitioner reportedly stated the following: that K.B. "should have been taken away from [the father's] custody a long time ago"; that the father was mentally, physically, and emotionally abusive; and that she knew the father was abusing K.B. Further, the report outlined that the child had mental health issues including anxiety and depression, had committed some self-harm, and had previous suicidal ideations.

The circuit court held the adjudicatory hearing in May and September 2024. The court stated on the record, over the petitioner's objection, that it was considering the preliminary hearing testimony of the respondent father and the DHS investigator. The father testified that, although no custody order had been in place since the child was two years old, K.B. lived with him most of the time, albeit for short times when the child resided with the petitioner and the paternal grandmother. At the adjudicatory hearing in May 2024, the petitioner testified that K.B. lived with her briefly in

---

[1] The petitioner appears by counsel Robert E. Barrat. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Katica Ribel. Counsel William Prentice Young appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

2020, but that she had not seen or visited the child since 2021. The petitioner explained that she did not maintain contact with K.B. because the child chose to live with her father and declined further interaction with the petitioner. Although the petitioner claimed that she had attempted to contact K.B., the only messages she produced were from 2021, after the filing of the petition. The petitioner also admitted that she provided no financial support for K.B. in 2022 or 2023, and offered no food, shelter, or clothing from at least July 2023 through February 2024. The petitioner further acknowledged that she told the DHS investigator that K.B. should have been removed from the father's custody long ago, because he was abusive; however, she clarified that she had never witnessed any abuse. Ultimately, the petitioner attributed her parental failures to K.B., asserting that K.B.'s desire to live with her father and to avoid communication with the petitioner prevented the petitioner from fulfilling her parental responsibilities. At the conclusion of the adjudicatory hearing, the court found that the petitioner neglected K.B because there had been "minimal contact, mental health support, [and] communication." Further, the court found that the petitioner's absence from K.B.'s life had led to the child's mental health issues and trauma. The court stated on the record that the petitioner's adjudication was based on neglect and not abandonment of the child. Therefore, the court adjudicated the petitioner as a neglectful parent. It is from the adjudicatory order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further, the circuit court's findings "shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Syl. Pt. 1, in part, *In re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). Before this Court, the petitioner argues that the evidence below was insufficient for the circuit court to find that she neglected K.B. At adjudication, West Virginia Code § 49-4-601(i) requires the court to "make a determination . . . as to whether the child is abused or neglected and whether the [parent] is abusing [or] neglecting," with the further requirement that "[t]he findings must be made upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence." A neglected child is, in relevant part, one "[w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian, or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care, or education." W. Va. Code § 49-1-201. As set forth above, the petitioner testified that she had minimal contact with K.B., had not seen her in nearly four years, and failed to provide any financial support, food, shelter or clothing for at least six months prior to the filing of the petition. The petitioner also admitted that she told the DHS investigator that she knew the father was mentally, emotionally, and physically abusive toward K.B. These admissions support the circuit court's finding that the petitioner neglected the child, as her failure to provide the child with necessities resulted in threatened harm and actual harm to her physical and mental health.[4]

---

[3] The father's parental rights were terminated. K.B. reached the age of majority during the pendency of this appeal.

[4] In further support of her assignment of error, the petitioner cites to West Virginia Code § 48-9-209, which requires courts to consider the preference of a child fourteen years or older

2

In further support of this assignment of error, the petitioner asserts that her testimony was the only evidence presented at adjudication. This assertion, however, has no basis in the record, as the court also heard and considered testimony from the father and the DHS investigator during the preliminary hearing. Moreover, even if the evidence at the adjudicatory hearing had consisted solely of the petitioner's testimony, we have previously held that

> [West Virginia Code § 49-4-601(i)], requires the [DHS], in a child abuse or neglect case, to prove "conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence]." The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHS] is obligated to meet this burden. Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (citations omitted). Accordingly, the petitioner's admissions to various forms of neglect could have, on their own, supported her adjudication. Despite this fact, the court nonetheless considered corroborating evidence from other witnesses. Therefore, the circuit court did not err in adjudicating the petitioner to have neglected the child.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 27, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: November 4, 2025

**CONCURRED IN BY**:

Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

**DISSENTING**:

Justice C. Haley Bunn

**NOT PARTICIPATING:**

Chief Justice William R. Wooton

---

when entering a custody order. Critically, however, the petitioner cites to no custody order to which West Virginia Code § 48-9-209(f)(5)(E) would be applicable in the instant matter. Because this statute has no bearing on the proceedings below, the petitioner is entitled to no relief in this regard.

Justice C. Haley Bunn, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the errors alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.